897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jane Anne LOWE, Plaintiff-Appellant,
v.
William M. PADGETT and Knox County, Tennessee, Defendants-Appellees.
 No. 89-5550.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Jane Anne Lowe (Lowe), formerly Jane Turner, has appealed from the district court's grant of summary judgment in favor of defendants-appellees, William M. Padgett and Knox County, Tennessee (collectively referred to as appellees), in this action commenced, pursuant to 42 U.S.C. Sec. 1983, to challenge the constitutionality of her dismissal from the County's employment.
 
 
 2
 In 1970, Lowe was employed by Knox County and was eventually transferred to the Knox County Clerk's Office in 1980 where she served as Executive Secretary to the County Clerk. Lowe thereafter assumed the duties of the Chief Clerk in addition to her duties as Executive Secretary. In 1985 Lowe married Tommy Lowe who was then the acting County Clerk.
 
 
 3
 In 1986, Padgett successfully defeated Tommy Lowe in a county election for the office of County Clerk. As part of his campaign, Padgett pledged that he would reorganize the Clerk's office by eliminating various unnecessary and overlapping positions and instituting practices and procedures calculated to improve efficiency and reduce the costs of operating the Clerk's office. Honoring his promises to improve the operation of the office, Padgett, upon assuming his duties, abolished 9 positions including the position of Chief Clerk. These vacancies were never thereafter filled.
 
 
 4
 On March 4, 1987, Lowe initiated the instant action charging Padgett with retaliatory discharge for supporting her husband's reelection to the County Clerk's position in violation of her first amendment rights, even though Padgett had retained a number of employees who had assisted Tommy Lowe in his unsuccessful campaign. Lowe additionally alleged that the appellees had violated her due process rights by failing to comply with established discharge procedures prescribed in the Knox County Personnel Plan.
 
 
 5
 The district court, on March 6, 1989, concluded that there was no first amendment violation in abolishing the position of Chief Clerk and the discharge of Lowe as part of an overall restructuring of the County Clerk's office. As to Lowe's due process claim, the district court determined that she failed to allege and demonstrate that she lacked an adequate remedy at state law to redress her charged constitutional infringement.
 
 
 6
 On appeal, Lowe has contended that the district court erred in concluding that the appellees had not violated her first amendment and due process rights protected by the constitution.
 
 
 7
 Upon review of Lowe's assignments of error, the record in its entirety, the briefs of the parties and the oral arguments of counsel, this court concludes that the district court properly granted summary judgment in favor of appellees. "An individual claiming he or she has been discharged in violation of the First and Fourteenth Amendments must ... show her discharge was caused by her political activities." Conklin v. Lovely, 834 F.2d 543, 546 (6th Cir.1987). If a plausible and, standing alone, sufficient reason is proffered for the allegedly unconstitutional termination of an individual's employment, then the employee's cause of action must fail. Mt. Healthy City School District v. Doyle, 429 U.S. 274, (1977). In the case at bar, appellees have demonstrated an ample, constitutionally permissible rationale for Lowe's discharge. It is clear from the record that Padgett eliminated the position of Chief Clerk as part of an overall restructuring of the County Clerk's office to promote efficiency as promised in his campaign platform. Accordingly, the district court properly concluded that no first amendment violation occurred.
 
 
 8
 As to her alleged due process violation, Lowe has neither alleged nor demonstrated that she lacked an adequate state remedy at law. "[I]n section 1983 damage suits claiming a deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that [post-deprivation] state remedies for redressing the wrong are inadequate." Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir.1983); accord Spruytte v. Walters, 753 F.2d 498, 509 (6th Cir.1985). Accordingly the judgment of the district court is hereby AFFIRMED.